# AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

**AFFIANT BACKGROUND**

1. Your affiant in this matter, Detective Timothy Palchak has been a police officer with the Metropolitan Police Department since 1994. In 2000, your affiant was promoted to Detective Grade 2 and is currently serving at this rank.

2. During your affiant's twelve year tenure with the Metropolitan Police Department he has been assigned to the Third District Patrol Operations, Prostitution Enforcement Unit, and is currently assigned to the Northern Virginia Regional Internet Crimes Against Children Task Force. Your affiant has received training in the following subject areas: Family Violence and Child Protection, Basic Investigator Course, Interview and Interrogation, Sexual Assault Nurse Examination, Children's Hospital Conference on Responding to Child Maltreatment, Child Abuse and Child Exploitation Investigation techniques, undercover Internet Crimes Against Children (ICAC) investigations course and Image scanning.

3. Your affiant has made numerous arrests and interviewed numerous victims, witnesses, and suspects. Your affiant has participated in numerous child abuse investigations, child sex abuse investigations and ICAC investigations. In November of 2005, the affiant received cross designation training from Immigration and Customs Enforcement (ICE).

**DEFINITIONS/TERMS**

A. **The terms "records," "documents," and "materials,"** as used herein, include all information recorded in any form, visual or aural, and by any means, whether in

1

handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic, magnetic or photo-optical form (including, but not limited to, tape recordings, cassettes, compact discs, electronic, photo-optical or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

B.   **Yahoo!** is a commercial computer service, also known as a commercial bulletin board, offering subscribers the ability to communicate online with other individuals through, *inter alia*, chat rooms, e-mail and/or instant messaging.

C.   **An Internet chat room** is an electronic meeting room provided by Yahoo! and other similar services that allows groups of two or more Internet users to have conversations. An Internet user using an Internet chat room chooses a unique identifier, i.e., a screen name, in order to identify himself or herself to other users of the service. To communicate using a Yahoo! Internet chat room, each user must have access to a computer that is connected to the Internet such that it can communicate with Yahoo! chat servers located in California. Each Yahoo! chat room user can communicate with other users also logged in to Yahoo! at the same time in real time through chat rooms, private chat rooms, or instant messages. Within the system, text messages as well as other types

of messages (such as graphic images or photographs) can be sent to a user. Both text and graphics files can be saved to the user's computer's hard drive or other electronic media for access and printing at any time.

**INVESTIGATION**

4. On Wednesday, June 14, 2006, your affiant, a detective with the Metropolitan Police Department, was acting in an undercover capacity as part of a multi-jurisdictional Internet Crimes Against Children (ICAC) Task Force. Your affiant was operating out of the Metropolitan Police Department's Youth Investigations Branch in Northeast, Washington, D.C. Your affiant logged into a Yahoo! Internet chat room using the screen name "daddysgrldc." On June 14, 2006, an individual using the screen name "looking25soulmate" initiated contact with your affiant in the Yahoo! Internet chatroom. Your affiant identified "daddysgrldc" as a thirteen year-old female residing in the District of Columbia. "Looking25soulmate" identified himself as a twenty-nine-year-old male who resides in Rockville, Maryland.

5. "Looking25soulmate" initiated a conversation in a private Yahoo! chat room that started at 1949 hours and ended at 2103 hours. The conversation took place on Wednesday, June 14, 2006. During the course of the conversation, "looking25soulmate" asked "daddysgrldc" if she ever had sex before and asked if she had small " Further, "looking25soulmate" stated that he was disease free and that "daddysgrldc" did not have to worry about getting pregnant because he had condoms at his house.

6. On June 14, 2006, "looking25soulmate" made arrangements to meet "daddysgrldc" in front of                           shington, DC at 2145 hours.

"Looking25soulmate" told "daddysgrldc" that he would be driving a grey Toyota Corolla and wearing blue jeans and a black t-shirt.

7.  On Wednesday June 14, 2006 at approximately 2145 hours, the defendant was observed in front of _____ ortheast, Washington, DC in a Grey Toyota Corolla wearing blue jeans and a black t-shirt. A stop was initiated on the defendant and he was placed under arrest without incident. The defendant waived his Miranda rights and provided a videotaped statement. The defendant admitted to traveling from Gaithersburg, Maryland to Washington, DC for the purpose of having sex with "daddysgrldc." He further admitted that he had used a Dell laptop computer located at his hotel room at _____, Gaithersburg, Maryland to log onto the Yahoo! Internet chat room using the screen name "looking25soulmate" and arrange the meeting with "daddysgrldc." In the videotaped statement, the defendant consented to a search of his computers located at his hotel room.

8.  The defendant signed a consent to search waiver allowing members of the Metropolitan Police Department to search his hotel room in Gaithersburg, Maryland. The defendant authorized members of the Metropolitan Police Department to utilize his magnetic key card to enter his room at _____ Blvd, Gaithersburg, Maryland.

9.  On June 15, 2006, Detective Miranda entered the defendant's hotel room and seized a Dell laptop computer (#DHWK281) and a Toshiba Satellite laptop computer (A105/36327518Q). Detective Miranda also seized two condoms from a partially used box which contains multiple condoms when newly purchased, and a Sony camera.

4

10. Based on your affiant's knowledge, training and experience, your affiant knows that data storage devices, including computers, located in or previously seized from defendant's hotel room may be important to this criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, or instrumentalities of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software, and electronic files that are evidence of crime, contraband, instrumentalities of crime, and/or fruits of crime. In this case, the warrant application requests permission to search and seize both computers and other data storage devices as evidence and instrumentalities of crime as well as data stored in devices that are also evidence and/or contraband.

11. Based on your affiant's knowledge, training and experience, your affiant knows that engaging in Internet chat room conversations can create evidence of the chat that will be stored on the computer used to access the Internet chat room service. Based on your affiant's knowledge, training and experience in investigations involving computers and electronic evidence, your affiant knows that incriminating evidence can be hidden or otherwise reside on almost any part of a computer's memory. Directories, files names and file extensions need not disclose the true nature of the contents of a file, making it easy for criminals to hide evidence. Accordingly, searching computers and other storage devices for the evidence described below may require a range of data analysis techniques. In cases such as this one, it is often not possible for agents to gather all relevant materials through "keyword" searches or by looking for only particular directories, file names, or file

types. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described below.

12. Based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that adults who seek out children in Internet chat rooms and attempt to meet those children for sex, often also access child pornography, often accessing such contraband over the Internet and storing such contraband on computer storage devices. Your affiant knows that child pornographers generally prefer to store images of child pornography in electronic form as computer files and that further records of Internet activity in search of child pornography can be found on computers used for this purpose.

13. In addition, based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that adults who are caught seeking out children in Internet chat rooms and attempting to meet those children for sex, have usually done so before.

14. Based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that a digital camera such as the one found in the defendant's hotel room can

6

be used to create child pornography. Child pornography images can be stored initially on a memory card and can later be transferred and stored on a computer or other storage media. When used for the production of child pornography, such devices constitute instrumentalities of crime and the data stored on them is contraband. In addition, in the instant case the defendant sent a digital picture of himself to the detectives via computer. There is reason to believe that the defendant utilized this digital camera to take the picture which he sent to the detective.

**Items to be examined**

    A.    A Dell laptop computer (#DHWK281) and data stored therein.

    B.    A Toshiba Satellite laptop computer (A105/36327518Q) and data stored therein.

    C.    A Sony Cybershot DSC-S40 camera bearing serial number 594320, including any memory that can be used by or in conjunction with the camera to store images or other data and any data stored in any of the foregoing.

**Items to be searched for**

    A.    Alll records or items relating to internet conversations between daddysgrldc" (who is further described above), "looking25soulmate" (who is further described above).

    B.    All records or items relating to the use of Yahoo! Internet chat rooms for the purpose of soliciting underage children in order to engage in illicit sexual acts.

    C.    Envelops, letters, documents, and other correspondence, including but not limited to, electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct,

or to show evidence of a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and posses visual depictions of minors engaged in sexually explicit conduct.

D.   Any digital depictions of minors engaged in sexually explicit conduct ; any digital pornographic photographs of minors or photographs of the defendant which could be used to transmit to persons in chat rooms for the purpose of soliciting underage children to engage in illicit sexual acts.

## CONCLUSION

Based on the foregoing, I, Detective Palchak, respectfully submits that there is probable cause to believe that an individual who was staying at 200 Skidmore Blvd, Gaithersburg, Maryland has violated 18 U.S.C. ' 2423(b). I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the above listed items.

Detective Timothy Palchak
Metropolitan Police Department

Sworn to and subscribed before me this JUN 28 2006 day of June, 2006.

UNITED STATES MAGISTRATE JUDGE
JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE

8