𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
𝔣𝔬𝔯 𝔱𝔥𝔢 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 ℭ𝔬𝔩𝔲𝔪𝔟𝔦𝔞
𝔚𝔞𝔰𝔥𝔦𝔫𝔤𝔱𝔬𝔫, 𝔇.ℭ. 20001

𝔠𝔥𝔞𝔪𝔟𝔢𝔯𝔰 𝔬𝔣
𝔍𝔬𝔥𝔫 𝔐. 𝔉𝔞𝔠𝔠𝔦𝔬𝔩𝔞
𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔐𝔞𝔤𝔦𝔰𝔱𝔯𝔞𝔱𝔢 𝔍𝔲𝔡𝔤𝔢

June 27, 2006

**06 - 303 - M - 01**

Debra Long-Doyle, Esq.
United States Attorney's Office
555 Fourth Street, NW
Washington, DC 20530

**FILED**

JUN 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: *Application for Search Warrant,*

Dear Attorney Long-Doyle:

    Currently before me is your application for a warrant to search two laptop computers and a digital camera. With regard to the two computers, the warrant tendered appears to authorize the search of the computers without limiting the search to the nature of the information being sought. The warrant appears to be based upon the premise that probable cause to believe that the defendant committed the crime with which he is charged also makes it likely that he may have downloaded child pornography. I agree that probable cause to believe that the defendant committed the crime would justify a search of the computers for additional evidence of his commission of the crime charged as well as for evidence pertaining to his receipt or distribution of child pornography. However, as I read the warrant tendered to me, it is not limited to such evidence and its failure to be so limited renders it overbroad. See United States v. Brooks, 427 F.3d 1246 (10th Cir. 2005); United States v. Ricciardi, 405 F.3d 852, 862 (10th Cir. 2005) ("Our case law therefore suggests that warrants for computer searches must affirmatively limit the search to evidence of specific federal crimes or specific types of materials."); United States v. Campos, 221 F.3d 1143, 1147 (10th Cir. 2000); United States v. Welch, 401 F. Supp. 2d 1172, 1179-80 (D. Kan. 2005); Orin S. Kerr, Search Warrants in An Era of Digital Evidence, 75 Miss. L. J. 85, 106-16 (2005).

    To explain, the computers constitute the *property* to be searched. Because they have already been seized, they are no longer the property to be searched for. To obtain a warrant to search the data contained on those computers, it is not sufficient to state that the "data stored therein" will be searched. Rather, the government needs to describe, with particularity, the data for which it intends to search the computers. Without so limiting the information sought, the search would not be tailored to the government's probable cause showing.

    I will, therefore, only authorize a search of the computers which limits the electronic information to be searched for to (1) additional evidence of the crime charged and (2) evidence of the receipt or distribution of child pornography or the attempt to receive or distribute it. With regard to the digital camera, I find that there has not been a showing of probable cause necessary to permit the images therein to be searched.

     A copy of this letter will be included in the court's file relating to the above-reference warrant application.

Sincerely,

*[signature]*

Magistrate Judge John M. Facciola